**CONGOLEUM INDUSTRIES, INC.**

v.

**ARMSTRONG CORK COMPANY.**

Civ. A. No. 41762.

United States District Court,
E. D. Pennsylvania.

Nov. 24, 1970.

Lewis H. Van Dusen, Jr., Patrick T. Ryan, Drinker, Biddle & Reath, Philadelphia, Pa., Eben M. Graves, Brumbaugh, Graves, Donóhue & Raymond, New York City, for plaintiff.

Dexter N. Shaw, Gordon S. Rogers, Howson & Howson, Philadelphia, Pa., James R. Withrow, Donavan, Leisure, Newton & Irvine, New York City, W. Brown Morton, Jr., McLean, Morton & Boustead, Washington, D. C., for defendant.

## OPINION AND ORDER

HANNUM, District Judge.

Presently before the court are applications by the defendant (1) for leave to conduct certain *inter partes* tests and (2) for leave pursuant to Rule 32(a) (3) (E) Fed.R.Civ.P. to use depositions taken during those *inter partes* tests in court proceedings.

This is an action charging defendant with infringement of two patents which are directed to a process for making chemically embossed foamed vinyl floor coverings. Defendant has denied that the process used in its manufacture of commercial floor coverings or the coverings themselves constitute an infringement of either patent. Plaintiff's patents basically relate to a process for obtaining embossing in foamed vinyl floor covering through the effect of an "inhibitor" which substantially alters the temperature at which the blowing agent in the "thermoplastic vinyl resinous composition" will decompose. When the blowing agent decomposes, a puffed-up or foamed area is obtained. In those areas where the inhibitor has been printed, the blowing agent does not decompose. The contrast between the foamed area and the area where the inhibitor has been applied results in an embossed design. The defendant claims that embossing in its floor covering is not obtained by substantial alteration of the decomposition temperature of the blowing agent, but by the physical restriction of selected areas of the gelled plasticized vinyl resin containing a blowing agent through the ap-

plication to the foamable plastisol of a polymerizable monomer. As is apparent from even this elementary recitation of the opposing claims, the evidence to be produced at trial will be of a very complex and technical nature and based on each party's observations of their respective tests regarding the processes in issue.

■ The defendant has made application to the court for permission to conduct a series of *inter partes* tests, admittedly more properly classified as open *ex parte* tests, for the purpose of testing the commercial material it produces and also to demonstrate its own test procedures. The defendant primarily seeks to conduct these tests in the presence of the plaintiff in an effort to overcome the established doctrine that evidence of experiments conducted by an interested party, in the absence of his adversary, is always received with suspicion and given only negligible probative value.

The defendant also proposes to take depositions during the *inter partes* tests and seeks leave, pursuant to Rule 32(a) (3) (E) Fed.R.Civ.P., to introduce such depositions at trial. It is suggested that these depositions will afford an accurate record of the details of the *inter partes* tests given by witnesses as the tests are carried out to preserve their contemporary observations. The defendant would also produce these same witnesses at trial when it is desired to introduce their depositions so that their principal testimony will be given in open court where their demeanor for assessing their credibility can be observed. Rule 32(a) (3) (E) requires the showing of exceptional circumstances before the deposition of a witness who is actually present at trial may be introduced. The exceptional circumstance cited by the defendant is that the commercial equipment used in defendant's commercial process is of industrial size and cannot be brought into court. It is therefore impractical to provide the court with a "present sense impression" of the defendant's commercial process and test procedures by any other means.

It is the view of this court that the proper procedure for both parties is to submit in evidence at trial the testimony of experts and other witnesses which fully explain the respective commercial processes and test procedures employed. The evidence adduced will properly be weighed and considered by the court at the appropriate time. Each side, of course, may demand a detailed description of the test procedures employed by the other so that they may have the opportunity to examine those procedures with a view to either discrediting or distinguishing the results obtained in whatever manner they see fit. There is therefore no necessity for this demonstration suggested by the defendant. To permit such a test would be extremely time consuming in that the plaintiffs would need sufficient opportunity to critically evaluate the exact and complete details of the proposed tests prior to their actual performance. Plaintiff would then have to be given an opportunity to set up and perform its own open *ex parte* tests. Such a procedure would simply result in a duplication of effort which would further delay trial. Since both sides have conducted their own tests and determined what the respective results suggest to them, their next step is to present their findings to the court, and not simply to repeat the same tests in each other's presence. The defendant's application for leave to perform *inter partes* tests will therefore be denied.

Defendant's application pursuant to Rule 32(a) (3) (E) will also be denied. Witnesses frequently, in fact almost always, testify to impressions and observations of events which take place outside the courtroom. The court must regularly make its decision from testimony concerning technical matters based on observations of events occurring outside of the courtroom. This is hardly an "exceptional circumstance". There is therefore no need to reduce defendant's experts' testimony to depositions before trial.

## ORDER

And now, this 24th day of November, 1970, it is hereby ordered that:

1. Defendant's application for permission to conduct *inter partes* tests is denied;

2. Defendant's application, pursuant to Rule 32(a) (3) (E), for permission to use depositions taken during the *inter partes* tests in court proceedings is denied.

## ON DEFENDANT'S MOTIONS

Defendant Armstrong Cork Company has moved this court for several Orders, including:

1. an order pursuant to Rule 15(a) Fed.R.Civ.P. permitting defendant to amend its answer "to plead the defense that the patents in suit should be declared invalid as based on an oath, false in fact, and by reason of plaintiff's deliberate witholding of material information from the Patent Office";

2. an order pursuant to Rules 15(a) and 15(d) Fed.R.Civ.P. permitting defendant to amend and supplement its answer "to plead the defense of patent misuse";

3. an order pursuant to Rule 16 Fed. R.Civ.P. permitting defendant to pursue the defenses referred to in (1) and (2) above, absent an amended, supplemental pleading;

4. an order pursuant to Rule 16 Fed. R.Civ.P. permitting defendant to conduct certain discovery relating to the issue of patent misuse;

5. an order pursuant to Rules 34 and 37(a), Fed.R.Civ.P. directing plaintiff to submit certain documents;

6. an order pursuant to Rule 16 Fed. R.Civ.P. that the misuse issues involved in this case be tried jointly, with all the other issues.

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires". This rule has traditionally been applied, in spirit as well as in letter, and has led to the general guideline that a motion to amend will be granted unless compelling circumstances dictate a different result. Such compelling circumstances may be in the nature of undue delay, bad faith, dilatory motive on the part of the movant, or undue prejudice to the opposing party by allowance of the amendment. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The defendant here seeks to amend its answer almost four years after the suit was initiated and at a time when this complicated patent case has moved into pretrial proceedings. There is therefore some basis for viewing these proposed amendments as dilatory in nature. However, the court is not disposed to simply deny these motions out of hand.

■ The first motion is for an order permitting the defendant to amend its answer to plead the defense that the patents in suit should be declared invalid as based on a false oath and by reason of plaintiff's deliberate witholding of material information from the Patent Office. This motion will be granted. There are, however, sufficient indications in the circumstances surrounding this case to suggest that the defendant should properly have moved to amend its answer to plead these allegations much earlier in this litigation. In an effort to minimize the delay which will be caused by permitting this amendment, the motion will be granted on the condition that all discovery in this case be completed by January 31, 1971. A pretrial conference will be scheduled thereafter at which time dates will be set for submission of proposed findings of fact and conclusions of law, submission of the final pretrial order, and the trial itself.

■ The second motion is for an order permitting defendant to amend and supplement its answer so as to plead the defense of patent misuse. There are also two related motions, one dealing with discovery and the other seeking to have the misuse issues tried jointly, which will be discussed in conjunction with the motion to amend the answer. It is the view of this court that since the basic

information upon which the defense of alleged misuse is grounded has been available for an extensive period of time, the defendant should not be allowed to inject this issue into the case on the eve of trial. Therefore, the motion to amend the answer to plead the defense of alleged misuse will be denied without prejudice. Additionally, the discovery needed in connection with the preparation of the misuse issue will undoubtedly consume much of counsel's time and substantially delay the time when this case could be heard. In view of the disposition of the motion seeking permission to plead misuse, the motion to conduct discovery relating to the alleged misuse defense will likewise be denied without prejudice. The motion for an order to have the misuse issue tried jointly with all other issues will be denied. The patent misuse issue will be severed from the other issues presently before the court and the defendant will have the opportunity to be heard on this issue after the trial on the issues of validity and infringement.

The next motion is for an order permitting the defendant to pursue the defenses referred to above, absent an amended supplemental pleading. In light of the foregoing discussion this motion has become moot and will be denied. This litigation is at a stage where the issues are being narrowed for trial. The court is not disposed to allow the case to proceed in the loose manner suggested as that would only contribute to the already difficult task of narrowing the issues for trial. Counsels' attention should therefore be focused at this time on preparing concise issues for trial and formulating with particularity their contentions as to each issue.

In light of the rulings on the motions to amend the answer, a ruling on the motion for an order pursuant to Rules 34 and 37(a) Fed.R.Civ.P. directing plaintiffs to comply with Paragraphs 7–14 of defendant's request for documents, served on August 26, 1970, will be held in abeyance pending counsels' attempts to now resolve these discovery matters amicably.

## ORDER

And now, this 24th day of November, 1970, it is hereby ORDERED that:

1. Defendant's motion for an order pursuant to Rule 15(a) Fed.R.Civ.P. permitting defendant to amend its answer to plead the defense that the patents in suit should be declared invalid as based on a false oath and by reason of the plaintiff's deliberate witholding of material information from the Patent Office is granted. It is further ordered that all discovery in this case is to be completed by January 31, 1971.

2. Defendant's motion for an order pursuant to Rules 15(a) and 15(d) Fed. R.Civ.P. permitting defendant to amend and supplement its answer to plead the defense of patent misuse is denied without prejudice.

3. Defendant's motion for an order pursuant to Rule 16 Fed.R.Civ.P. permitting defendant to pursue the defenses referred to in (1) and (2) above, absent an amended and supplemental pleading is denied.

4. Defendant's motion for an order pursuant to Rule 16 Fed.R.Civ.P. permitting defendant to conduct discovery in the manner proposed in the affidavit of Mr. James R. Withrow, Jr. is denied without prejudice.

5. Defendant's motion for an order pursuant to Rule 16 Fed.R.Civ.P. that the misuse issues be tried jointly with all the other issues is denied.

6. The issue of patent misuse is severed for possible later disposition after the trial on validity and infringement, so that this issue will not be before the court at Pretrial or at such trial as may follow Pretrial.